FILED
Mar 24 2008
05:15 PM
US Bankruptcy Court
Western District Of Oklahoma

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **YOUNG, DUSTIN RAY,** | ) | |
| **Soc. Sec. No. xxx-xx-3904** | ) | **Case No. 04-19254-BH** |
| | ) | **(Chapter 7)** |
| **Debtor.** | ) | |

| | | |
|---|---|---|
| **DUSTIN RAY YOUNG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Adv. Proc. No. 08-01006-BH** |
| | ) | |
| **AMERICAN EDUCATION SERVICES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**AFFIDAVIT OF THE MICHAEL A. BEATTY IN SUPPORT OF DEFENDANT MOTION FOR JUDGMENT ON THE PLEADINGS OR FOR SUMMARY JUDGMENT**

STATE OF MASSACHUSETTS )
) ss.
COUNTY OF SUFFOLK )

Michael A. Beatty, Esq., first being duly sworn, deposes and states as follows:

1. I am in-house counsel for First Marblehead Education Resources ("FMER"), authorized agent for The Education Resources Institute, Inc., ("TERI"). I have been responsible for the TERI Bankruptcy department for more than ten years. I am personally knowledgeable regarding the books and records of TERI, the Education One Undergraduate Loan Program, the documents and records referred to in this Affidavit, the history and origin of the indebtedness at issue, and the relationship between Bank One, N.A., TERI and Dustin Ray Young (the "Debtor"). All of said books, documents and records referred to herein are made in the regular course of TERI's regular business activities, at or reasonably near the happening of such event(s)

and recorded or kept in the regular course of TERI's regular business activities. I am the person presently most knowledgeable about the Debtor's file and this proceeding and I am authorized to issue this Affidavit for TERI.

2. TERI is a private non-profit institution organized under the laws of the Commonwealth of Massachusetts and provides financial assistance to students enrolled in higher education programs throughout the country. A true and correct copy of TERI's Sales Tax Exempt Purchaser Certificate and Articles of Organization are attached hereto as **Attachment 1 to this Exhibit "B"**.

3. TERI is considered to be a tax exempt non-profit organization by the Internal Revenue Service and qualified as such pursuant to section 501(a) and 501(c)(3) of the Internal Revenue Code. A true and correct copy of a letter dated January 24, 1994, held by TERI and issued by the Internal Revenue Service, setting forth TERI's exempt status is attached hereto as **Attachment 2 to this Exhibit "B"**. The exempt status of TERI has never been revoked and remains in effect. *See* **Attachment 2 to this Exhibit B**.

4. TERI has no shareholders and does not issue dividends to shareholders.

5. TERI administers various student loan programs by contracting with different private, for-profit institutions. In this capacity, TERI conditionally agrees to guarantee loans made by those lenders pursuant to its education loan program in the event of default.

6. Without TERI's guarantee, the originating financial institutions would not issue student loans to enable borrowers to obtain a higher education. TERI facilitates the extension of student loan credit by helping to induce for-profit lenders to make loans to students. TERI maintains written Guaranty Agreements with the lenders so as to provide financial assistance to and on behalf of students enrolled in programs of higher education.

7. TERI is presently the holder of two Credit Agreements executed by the Debtor and made by BankOne, N.A. under the Education One Undergraduate Loan Program. The Education One Undergraduate Loan Program (the *"Program"*) provides undergraduate student loans throughout the country. A true and correct copy of the Debtor's application and the redacted Credit Agreements are attached hereto as **Attachments "3" and "4" to this Exhibit "B"**.

8. Without TERI's guarantee, Bank One would likely not have loaned the Debtor the necessary funds for him to continue his education. TERI facilitates the extension of undergraduate student loans by helping to induce for-profit lenders, like Bank One under the Education One Undergraduate Loan Program, to make loans to undergraduate students, often when they have exhausted their qualification for educational loan programs provided by governmental sources, such as the Federal Family Education Loan Program maintained by the United States Department of Education.

9. In addition to providing the guarantees for the Program's operations, TERI provides further funding to the Program when it pays under any of its conditional guarantees, as as may become applicable with respect to the Debtor's educational loans in this case.

10. Per the Debtor's Federal Truth in Lending Disclosure Statements, in accordance with Bank One's obligation under the Credit Agreements, Bank One disbursed $60,471.57. True and correct copies of each of the Debtor's Federal Truth in Lending Disclosure Statements are attached hereto as **Attachments 5 and 6 to this Exhibit B**.

11. The Credit Agreements set forth in paragraph L (11) that "I acknowledge that the requested loan may be subject to the limitations on dischargeability in bankruptcy contained in Section 523 (a) (8) of the United States Bankruptcy Code. Specifically, I understand that you

have purchased a guaranty of this loan, and that this loan is guaranteed by The Education Resources Institute, Inc. ("TERI"), a non-profit loan guaranty agency". *See* **Attachments 3 and 4 to this Exhibit B**.

12. The Debtor has not defaulted on the Loans, and the Defendant, American Education Services, is the loan servicer on behalf of the lender, Bank One, guaranteed by TERI. If relief on the Loans were sought under *§ 523(a)(8), Tit. 11, U.S.C.,* AES would ordinarily forward a claim for payment to TERI based on TERI's guarantees, at which time TERI, as guarantor, would typically honor its guarantees and pay the guarantee claims. American Education Services, as servicer for Bank One and TERI, would, under those circumstances typically assign and transfer the Credit Agreements to TERI without recourse or warranty.

13. Following TERI's payment on the claims, as aforesaid, TERI would become the owner and holder of the Credit Agreements and student loan indebtedness due thereon, which is at issue herein.

14. Pursuant to the terms set forth in the Credit Agreements, the Debtor knew from the inception of the student loans the Debtor's loan program was funded in part by a non-profit institution. *See* **Attachment 3 and 4 to this Exhibit B.**

15. As of March 12, 2008, there is now due and owing the sum of $86,777.82 which includes all applicable accrued interest but not attorney's fees and costs associated with this adversary proceeding.

Further affiant sayeth not this 19th day of March, 2008.

Michael A. Beatty, Esquire

Sworn to and subscribed before me this
20th day of March, 2008.

Kathryn Marie Amaru
NOTARY PUBLIC

My Commission Expires:______________________
[SEAL]



# Form ST-5
# Sales Tax Exempt Purchaser Certificate

Rev. 5/92
Massachusetts Department of Revenue

## 'o Be Completed by Exempt Organization

'ame
The Education Resources Institute

ddress
330 Stuart Street, Suite 500

ity
Boston,

State
MA

Zip
02116

‹emption Number
042-875-329

sue Date
03/25/96

Certificate expires on
03/25/01

ertification is hereby made that the organization named above is an exempt purchaser under Massachusetts General Laws, Chapter 64H, sec- ns 6(d) or 6(e). All purchases of tangible personal property or services by this organization are exempt from taxation under said chapter to the tent that such property or services are used in the conduct of the business of the purchaser. Any abuse or misuse of this certificate by any tax- empt organization or any unauthorized use of this certificate by any individual constitutes a serious violation and will lead to revocation.

gned under the penalties of perjury.

gnature [signature]

Title
Office Coordinator

Date
February 12, 1997

rning: Willful misuse of this certificate may result in criminal tax evasion sanctions of up to one year in prison and $10,000 ($50,000 for 'porations) in fines.

## Be Completed by Vendor

ıdor's name
College Board Publications

eck applicable box: ☐ Single Purchase Certificate ☒ Blanket Certificate

ach detailed receipts/invoices or describe property on the back of this form.

### neral Instructions

e organization or agency must have obtained a Certificate Exemption (Form ST-2) from the Commissioner of Revenue, tifying that it is entitled to exemption and must attach a tocopy of Form ST-2 to this certificate. The vendor must in a completed Form ST-5 accompanied by a copy of m ST-2 in the same manner as other sales tax records. For her information regarding the requirements for retaining ords, see Massachusetts Regulation 830 CMR 62C.25.1.

### Notice to Vendors

Vendors must obtain a copy of the Certificate of Exemption (Form ST-2) at the time of any sale to an exempt organization. Vendors should verify the validity of the certificate presented to them by checking the expiration date on the certificate. Vendors must not honor a Certificate of Exemption that has expired. Staple a copy of Form ST-2 to this form. NOTE: Governmental agencies maintain ST-2 Certificates of Exemption that have an expiration date of "NONE."

Vendors should call the Taxpayer Assistance Bureau at (617) 621-5251 if they have any questions regarding a Certificate of Exemption which is presented to them.

If you have any questions about completing this certificate, please contact:
Massachusetts Department of Revenue
Taxpayer Assistance Bureau
215 First Street
Cambridge, MA 02142
(617) 621-5251

This form is approved by the Commissioner of Revenue and may be reproduced.

# THE COMMONWEALTH OF MASSACHUSETTS

## ARTICLES OF ORGANIZATION
## GENERAL LAWS, CHAPTER 180

I hereby certify that, upon an examination of the within-written articles of organization, duly submitted to me, it appears that the provisions of the General Laws relative to the organization of corporations have been complied with, and I hereby approve said articles; and the filing fee in the amount of $30.00 having been paid, said articles are deemed to have been filed with me this day of 19

Effective date

MICHAEL JOSEPH CONNOLLY
Secretary of State

TO BE FILLED IN BY CORPORATION
PHOTO COPY OF ARTICLES OF ORGANIZATION TO BE SENT

TO: John R. Regier, Esquire
Mintz, Levin, Cohn, Ferris, Glovsky and
Popeo, P.C.
One Financial Center
Boston, MA 02111

Telephone 617/542-6000

Copy Mailed

Filing Fee $30.00

SCHEDULE A
The Education Resources Institute, Inc.
Attachment to Articles of Organization
Article 2

The Corporation shall always be operated exclusively for charitable and educational purposes through assisting students in attaining an education and through assisting educational institutions in providing an education in an economical fashion. Except for the payment of reasonable compensation for services as determined by the Board of Directors as to structure and amount, no part of its earnings shall ever inure to the benefit of any director or employee of the Corporation.

In furtherance of such purposes and in addition to the powers conferred on corporations for charitable purposes by the provisions of Chapter 180 of the Massachusetts General Laws, the Corporation shall, subject to the restrictions and limitations herein contained, have the following powers:

(a)  To develop and administer programs of student financial aid and institutional aid through which students will be assisted in financing their educational costs and institutions will be assisted in providing an economical education.

(b)  To make contracts, give guaranties and incur liabilities, including any secondary liability by way of guaranty or endorsement of the obligations of any student, his parent or guardian, or of any educational institution, borrow money at such rates of interest as the corporation may determine, issue notes, bonds and other obligations, and secure any of its obligations by mortgage, pledge or encumbrance of, or security interest in, all or any of its property, or any interest therein, wherever situated, for any of the purposes of the Corporation.

(c)  To make education loans to any student, parent or guardian, or to any educational institution, and to establish and regulate the terms and conditions with respect to any such loans, the purposes to which the proceeds of such loans may be put and the charges for interest and services connected therewith, to invest and reinvest its funds and to take and hold real and personal property as security for the payment of funds so loaned or invested.

(d)  To provide administrative support for programs of student financial aid and institutional aid on its own behalf or on behalf of other organizations, institutions or associations and, in furtherance thereof, to enter into contracts or agreements on such terms and conditions as it shall deem advisable.

ARTICLE 2 (Cont'd)

(e)  To provide administrative and management support and/or advice to affiliated organizations or to other organizations, institutions or associations on a periodic basis or otherwise on matters relating to the overall permitted purposes of the Corporation and, in furtherance thereof, to enter into contracts or agreements on such terms and conditions as it shall deem advisable.

(f)  To elect, appoint and employ directors, officers, agents and employees, to fix their compensation and define their duties and obligations, and to indemnify such corporate personnel.

(g)  To acquire, subscribe for, own, hold, sell, assign, transfer, mortgage, pledge or otherwise dispose of the stock, shares, bonds, debentures, notes or other securities or evidences of interest in, or indebtedness of, any person, firm, corporation, joint stock company, association or trust, and while the owner or holder thereof to exercise all the rights, powers and privileges of ownership, including the right to vote thereon.

(h)  To purchase, receive, hold, lease or otherwise acquire, and to sell, convey, transfer, lease or otherwise dispose of, real or personal property, together with such rights and privileges as may be incidental and appurtenant thereto and the use thereof, including, but not restricted to, any real or personal property acquired by the Corporation from time to time in the satisfaction of debts or enforcement of obligations.

(i)  To solicit and receive money or other property, tangible or intangible, real, personal or mixed, by gifts, bequest, devise or otherwise.

(j)  To do business, carry on its operations and have offices, and exercise the powers granted by Chapter 180 of the Massachusetts General Laws and any successor provisions thereto, in any jurisdiction within or without the United States.

(k)  To be an incorporator of other corporations of any type or kind.

(l)  To be a partner in any business enterprise which it would have power to conduct by itself.

(m)   To research and disseminate information on topics related to the purposes of the Corporation.

(n)   To do all acts and things necessary or convenient to carry out the powers expressly granted in these articles.

No substantial part of the activities of the Corporation shall be the carrying on of propaganda or otherwise attempting to influence legislation, and the Corporation shall not participate or intervene in (including the publishing or distribution of statements concerning) any political campaign on behalf of any candidate for public office.

Notwithstanding any other provisions of these articles, the Corporation shall not participate in activities not permitted to be carried on (a) by a corporation exempt from federal income tax under Section 501(c)(3) of the Internal Revenue Code of 1954, as amended (or the corresponding provision of any future United States internal revenue law), or (b) by a corporation contributions to which are deductible under Section 170(c)(2) of the Internal Revenue Code of 1954, as amended (or the corresponding provision of any future United States internal revenue law).

SCHEDULE B
THE EDUCATION RESOURCES INSTITUTE, INC.
Attachment to Articles of Organization
Article 4

No part of the net earnings of the Corporation shall inure to the benefit of, or be distributable to, its members, directors, officers or other private persons, except reasonable compensation for services rendered and distributions in furtherance of the purposes set forth in Article 2 hereof.

The Corporation may, upon the affirmative vote of a majority of the votes to which the members shall be entitled, petition for its dissolution by order of the Supreme Judicial or Superior Court, in the manner provided in Section 11 of Chapter 180 of the Massachusetts General Laws. Upon any dissolution of the Corporation, the Corporation's assets shall be distributed as directed by the court which ordered such dissolution, provided, however, that notwithstanding any order of such court, the Corporation's assets shall be distributed exclusively for the purposes of the Corporation in such manner or to such organization or organizations organized and operated exclusively for charitable, educational, religious or scientific purposes as shall at the time qualify as an exempt organization or organizations under Section 501(c)(3) of the Internal Revenue Code of 1954, as amended (or the corresponding provisions of any future United States internal revenue law.)

1319E

# The Commonwealth of Massachusetts

Office of the Secretary of State
One Ashburton Place, Boston, MA 02108
Michael Joseph Connolly, Secretary

## ARTICLES OF ORGANIZATION

(Under G.L. Ch. 180)

Incorporators

| NAME<br>Include given name in full in case of natural persons; in case of a corporation, give state of incorporation. | RESIDENCE |
|---|---|
| Thomas D. Parker | 36 Upland Road<br>Cambridge, MA 02140 |

The above-named incorporator(s) do hereby associate (themselves) with the intention of forming a corporation under the provisions of General Laws, Chapter 180 and hereby state(s):

1. The name by which the corporation shall be known is:

   The Education Resources Institute, Inc.

2. The purposes for which the corporation is formed is as follows:

   See Schedule A attached

...article or item on this form is insufficient, additions shall be set forth on separate 8 1/2 ... article may be continued

# The Commonwealth of Massachusetts

Office of the Secretary of State
One Ashburton Place, Boston, MA 02108
Michael Joseph Connolly, Secretary

## ARTICLES OF ORGANIZATION
(Under G.L. Ch. 180)

Incorporators

| NAME<br>Include given name in full in case of natural persons; in case of a corporation, give state of incorporation. | RESIDENCE |
|---|---|
| Thomas D. Parker | 36 Upland Road<br>Cambridge, MA 02140 |

The above-named incorporator(s) do hereby associate (themselves) with the intention of forming a corporation under the provisions of General Laws, Chapter 180 and hereby state(s):

1. The name by which the corporation shall be known is:

The Education Resources Institute, Inc.

2. The purposes for which the corporation is formed is as follows:

See Schedule A attached

113344

85-170071

Note: If the space provided under any article or item on this form is insufficient, additions shall be set forth on separate 8 1/2 x 11 sheets of paper leaving a left hand margin of at least 1 inch for binding. Additions to more than one article may be continued on a single sheet so long as each article requiring each such addition is clearly indicated.

SCHEDULE C

Education Resources Institute, Inc.
Attachment to Articles of Incorporation
Board of Directors

| Name | Residence | Post Office Addre |
|---|---|---|
| Daniel S. Cheever, Jr. | 295 Kent Street<br>Brookline, MA 02146 | 200 The Riverway<br>Boston, MA 02215 |
| Joseph M. Cronin | 82 Parkwood Drive<br>Milton, MA 02186 | 330 Stuart Street<br>Boston, MA 02116 |
| Edward R. Piana | 87 Independence St.<br>Canton, MA 02021 | 858 Washington St<br>Dedham, MA 02026 |
| Kenneth R. Rossano | 63 Hundreds Circle<br>Wellesley, MA 02181 | 100 Federal Stree<br>Boston, MA 02115 |
| Barbara Tornow | 29 Murrary Road<br>West Newton, MA 02165 | Brandeis Universi<br>Waltham , MA 02 |

1317E

INTERNAL REVENUE SERVICE
DISTRICT DIRECTOR
G.P.O. BOX 1680
BROOKLYN, NY 11202

DEPARTMENT OF THE TREASURY

Date: JAN 24 1994

Employer Identification Number:
04-2875329
Case Number:
114024028
Contact Person:
CHARLES CARUANA
Contact Telephone Number:
(718) 488-2329
Our Letter Dated:
February 6, 1986
Addendum Applies:
YES

THE EDUCATION RESOURCES
INSTITUTE INC
330 STUART STREET
BOSTON, MA 02116

Dear Applicant:

This modifies our letter of the above date in which we stated that you would be treated as an organization that is not a private foundation until the expiration of your advance ruling period.

Your exempt status under section 501(a) of the Internal Revenue Code as an organization described in section 501(c)(3) is still in effect. Based on the information you submitted, we have determined that you are not a private foundation within the meaning of section 509(a) of the Code because you are an organization of the type described in section 509(a)(2).

Grantors and contributors may rely on this determination unless the Internal Revenue Service publishes notice to the contrary. However, if you lose your section 509(a)(2) status, a grantor or contributor may not rely on this determination if he or she was in part responsible for, or was aware of, the act or failure to act, or the substantial or material change on the part of the organization that resulted in your loss of such status, or if he or she acquired knowledge that the Internal Revenue Service had given notice that you would no longer be classified as a section 509(a)(2) organization.

As of January 1, 1984, you are liable for taxes under the Federal Insurance Contributions Act (social security taxes) on remuneration of $100 or more you pay to each of your employees during a calendar year. You are not liable for the tax imposed under the Federal Unemployment Tax Act (FUTA).

You are required to file Form 990 only if your gross receipts each year are normally more than $25,000. For guidance in determining whether your gross receipts are "normally" more than $25,000, see the instructions for Form 990. If a return is required, it must be filed by the 15th day of the fifth month after the end of your annual accounting period. A penalty of $10 a day is charged when a return is filed late, unless there is reasonable cause for the delay. However, the maximum penalty charged cannot exceed $5,000 or 5 percent of your gross receipts for the year, whichever is less. This penalty may also be charged if a return is not complete, so please be sure your return is complete before you file it.

If we have indicated in the heading of this letter that an addendum applies, the addendum enclosed is an integral part of this letter.

HE EDUCATION RESOURCES

Because this letter could help resolve any questions about your private oundation status, please keep it in your permanent records.

We have sent a copy of this letter to your representative as indicated n your power of attorney.

If you have any questions, please contact the person whose name and elephone number are shown above.

Sincerely yours,

Herbert J. Huff
District Director

nclosure:
ddendum

: EDUCATION RESOURCES

is letter supersedes our previous letter dated August 27, 1991.

JAN. -15.03(WED) 15:00    FED. EMPLOYEES C. U.    TEL:405-491-6121    P. 001
56205 045669

01/21/03
04

*Creditworthy Student* Loan Application/Promissory Note - Signature Page

### NON-NEGOTIABLE CREDIT AGREEMENT – THIS IS A CONSUMER CREDIT TRANSACTION

**LOAN PROGRAM INFORMATION**

Education One℠ Undergraduate Loan

Loan Amount Requested: ~~$17,000.00~~ **$25,000**

Deferral Period Margin: 4.65

Loan Origination Fee Percentage: 8.50

Lender: Bank One, N.A.

School: CENTRAL STATE UNIVERSITY

Repayment Period Margin: 4.65

Repayment Option: Deferred Principal and Interest

Academic Period: ~~08/2003-12/2003~~ 01/2003 - 05/2003

**STUDENT BORROWER INFORMATION** (Must be at least 18 years of age)

Borrower Name: Dustin Young

Social Security #: ████-3804

Have you ever defaulted on a student loan or declared bankruptcy? ☒ No ☐ Yes

Current Employer: SHOW N TIME TRANSPORTATION

Current Position: Other

Home Address: ████ East Lindsey Apt ██

Date of Birth: ██/██/1981

Years There: 2 Years

Nnorman, OK 73071

Home Telephone: ████ █████1825

Employer Telephone: ████ ████5902

Gross Annual Salary: $55000.00

Alimony, child support, or separate maintenance incomes do not have to be revealed if you do not want them considered for repaying this obligation. If you are relying on such additional income, please provide details on a separate sheet of paper.

**Please complete the required information below:**

Student Citizenship (check one box): ☒ U.S. Citizen

Personal Reference Name: Robert Young

Reference Street Address:

Reference City/State/Zip: New Castle, OK 73065

☐ Eligible Non-Citizen

Reference Home Tel #: (███) ███-4217    Work Tel #:

By my signature, I certify that I have read, understand and agree to the terms of and undertake the obligations set forth on all four (4) pages of this Application/Promissory Note EO.02-03.CRWO.30.1102. I understand that any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties, which may include fines or imprisonment. I understand that I am not required to fax my signature on this Application/Promissory Note to Lender. If I choose to fax my signature on this Application/Promissory Note to Lender, I intend: (i) my fax signature to be binding on me and to be an electronic signature under applicable federal and state law, (ii) the fax printout received by the Lender to be an original document, (iii) to conduct business with the Lender by electronic records and electronic signatures, and (iv) that this Application/Promissory Note will not be governed by Article 3 or Article 9 of the Uniform Commercial Code.

**FOR ALABAMA RESIDENTS: CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

**FOR WISCONSIN RESIDENTS - NOTICE TO CUSTOMER:** (a) DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE BEFORE YOU READ THE WRITING ON THE FOLLOWING PAGES, EVEN IF OTHERWISE ADVISED.
(b) DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE IF IT CONTAINS ANY BLANK SPACES.
(c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.
(d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

PLEASE SIGN BELOW, RETURN THE FIRST WITH REQUESTED DOCUMENTATION OR FAX US AT 1-800-784-0478.

Signature of Borrower _____    Date 01 - 15 - 03

2003 JAN 16 A 7:51

*Attach Paycheck Stub Here (if applicable)*

EO.02-03.CRWO.30.1102
PN03_EO_02-03_CRWO_F_X_YOUNG_A101551399.pdf

LENDER COPY

EOTUDP

## * *Creditworthy Student* * Loan Application/Promissory Note – Signature Page

NON-NEGOTIABLE CREDIT AGREEMENT – THIS IS A CONSUMER CREDIT TRANSACTION

### LOAN PROGRAM INFORMATION

Education One[SM] Loan Program: [ ] Lender: Bank One, N.A. Repayment Option:

Loan Amount Requested: School: Academic Period:

Deferral Period Margin: Repayment Period Margin:

Loan Origination Fee Percentage:

### STUDENT BORROWER INFORMATION (Must be at least 18 years of age)

Borrower Name: Home Address:
Social Security #: Date of Birth: Home Telephone:
Have you ever defaulted on a student loan or declared bankruptcy? ☐ No ☐ Yes
Current Employer: Employer Telephone:
Current Position: Years There: Gross Annual Salary:

**Alimony, child support, or separate maintenance incomes do not have to be revealed if you do not want them considered for repaying this obligation. If you are relying on such additional income, please provide details on a separate sheet of paper.**

**Please complete the required information below:**
Student Citizenship (check one box): ☐ U.S. Citizen ☐ Eligible Non-Citizen
Personal Reference Name:________________ Reference Home Tel #:____________ Work Tel #:__________
Reference Street Address:____________________________
Reference City/State/Zip:____________________________

**Attach Paycheck Stub Here (If applicable)**

By my signature, I certify that I have read, understand and agree to the terms of and undertake the obligations set forth on all four (4) pages of this Application/Promissory Note EO.02-03.CRWO.30.1102. I understand that any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties, which may include fines or imprisonment. I understand that I am not required to fax my signature on this Application/Promissory Note to Lender. If I choose to fax my signature on this Application/Promissory Note to Lender, I intend: (i) my fax signature to be binding on me and to be an electronic signature under applicable federal and state law, (ii) the fax printout received by the Lender to be an original document, (iii) to conduct business with the Lender by electronic records and electronic signatures, and (iv) that this Application/Promissory Note will not be governed by Article 3 or Article 9 of the Uniform Commercial Code.

FOR ALABAMA RESIDENTS: CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

FOR WISCONSIN RESIDENTS - NOTICE TO CUSTOMER: (a) DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE BEFORE YOU READ THE WRITING ON THE FOLLOWING PAGES, EVEN IF OTHERWISE ADVISED.
(b) DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE IF IT CONTAINS ANY BLANK SPACES.
(c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.
(d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

PLEASE SIGN BELOW – RETURN This Page With Proof of Income and Other Information (if applicable) – FAX TO: 800-704-9407

Signature of Borrower ________________________ Date ______________

In this Application/Promissory Note, the words "I", "me", "my", and "mine" mean the person who signed this Application/Promissory Note as Borrower. The words "you", "your", "yours", and "Lender" means Bank One, N.A., its successors and assigns, and any other holder of this Application/Promissory Note. "School" means the school named at the top of the first page of this Application/Promissory Note.

**A. PROMISE TO PAY:** I promise to pay to your order, upon the terms and conditions of this Application/Promissory Note, all principal, interest and other charges set forth herein.

**B. LOAN; DISCLOSURE STATEMENT:**

1. By signing this Application/Promissory Note, and submitting it to you, I am requesting that you make this loan to me in an amount equal to the Loan Amount Requested plus any Loan Origination Fee described in Paragraph F of this Application/Promissory Note. When you receive my signed Application, you are not agreeing to lend me money. You have the right not to make a loan or to lend an amount less than I am requesting. I agree to accept an amount less than the Loan Amount Requested and to repay that portion of the Loan Amount Requested that you actually lend to me.

2. If you decide to make a loan to me, you will mail me a disbursement check (the "Disbursement Check") and a statement disclosing certain information about the loan in accordance with the federal Truth-in-Lending Act (the "Disclosure Statement"). In addition to other information, the Disclosure Statement will tell me the amount of my disbursement and the amount of the Loan Origination Fee. The Disclosure Statement is part of this Application/Promissory Note. Upon receipt of the Disclosure Statement, I will review the Disclosure Statement and notify you in writing if I have any questions. My endorsement of the Disbursement Check will acknowledge receipt of the Disclosure Statement and my agreement to be legally bound by this Application/Promissory Note. At your option, you may make the Disbursement Check co-payable to me and the School.

3. If I am not satisfied with the terms of my loan as disclosed in the Disclosure Statement, I may cancel my loan. To cancel my loan, I will give you a written cancellation notice, together with my unused Disbursement Check or, if I have already endorsed and delivered the Disbursement Check to the School, a good check, payable to you, in the full amount of the Disbursement Check. If I have delivered the Disbursement Check to the School, I cannot cancel more than ten (10) days after I originally received the Disbursement Check. If I give notice of cancellation but do not comply with the requirements of this Paragraph B.3, this Application/Promissory Note will not be canceled and I will be in default of this Application/Promissory Note. (See Paragraph I.)

**C. DEFINITIONS:**

1. "Disbursement Date" means the date shown on the Disbursement Check (not the date I endorse or negotiate my check).

2. The "Deferment Period" will begin on the Disbursement Date and end on the Deferment End Date.

3. "Deferment End Date" means the date specified below for the applicable loan program (the applicable loan program is stated on the first page of this Application/Promissory Note).

(a) ***Education One Undergraduate Alternative Loan Program:*** If I have elected the "Immediate Repayment" option (the applicable repayment option is stated on the first page of this Application/Promissory Note), there is no Deferment Period, and my first payment will be 45 days after the last disbursement of my loan. If I have elected the "Interest Only" repayment option (the applicable repayment option is stated on the first page of this Application/Promissory Note), then interest payments will begin 45 days after the first disbursement of my loan, and the "Deferment End Date" will be 45 days after the Student graduates or ceases to be enrolled at least half-time in the School (or another school participating in this loan program). If I have elected the "Full Deferral" repayment option (the applicable repayment option is stated on the first page of this Application/Promissory Note), then the "Deferment End Date" will be 180 days after the Student graduates or ceases to be enrolled at least half-time in the School (or another school participating in this Loan Program). In any event, the Deferment End Date will be no more than 4½ years after the Disbursement Date (or 5½ years if the Student is enrolled in a five-year undergraduate program at the School). If I have not specifically elected to defer payments or to defer principal, deferment of principal and interest payments will apply.

(b) ***Education One Graduate Professional Education Loan Program:*** 180 days after the Student graduates or ceases for any other reason to be enrolled at least half-time in the School (or another school participating in this Loan Program), but no more than 4½ years after the Disbursement Date; provided, however, that if the Student begins a medical residency or internship during the Deferment Period, then the Deferment Period will end 180 days after the day the residency or internship ends, but no more than 8½ years after the Disbursement Date.

4. The "Repayment Period" begins the day after the Deferment Period ends. (or, if there is no Deferment Period, the day after the Disbursement Date). Before my first payment is due, you will disclose the anticipated Repayment Period. The anticipated Repayment Period will not exceed 20 years, although the Repayment Period may increase by up to 2½ years if the Variable Rate (Paragraph D.2) increases ("Maximum Repayment Period"). (See Paragraphs E.2 and E.3.)

**D. INTEREST:**

1. Accrual – Beginning on the Disbursement Date, interest on the outstanding balance of this Application/Promissory Note will accrue on the unpaid Loan Amount each day (including holidays and other days you are closed) at the Variable Rate (Paragraph D.2) divided by the number of days in the year in question.

2. Variable Rate – The "Variable Rate" is equal to the Current Index plus a Margin. The Margins for both the Deferment Period and the Repayment Period are shown on the first page of this Application/Promissory Note. In no event will the Variable Rate exceed the maximum interest rate allowed by the laws of the State of Ohio. The Variable Rate will change quarterly on the first day of each January, April, July and October (the "Change Date(s)") if the Current Index changes. The "Current Index" for any calendar quarter beginning on a Change Date (or for any shorter period beginning on the Disbursement Date and ending on the first Change Date) is based on the London Interbank Offered Rate ("LIBOR") as published in the "Money Rates" section of *The Wall Street Journal*. Each calendar quarter, the index will equal the average of the LIBOR rates published on the first business day of each of the three (3) calendar months immediately preceding such calendar quarter, **rounded to the nearest one-hundredth percent (0.01%).** If *The Wall Street Journal* was not published or if the LIBOR rate was not published on any one or more of the first business days of each of the three calendar months immediately preceding the calendar quarter, then the Current Index will be determined by using the immediately preceding Current Index. If on any first business day of a calendar month more than one LIBOR rate is published, then the highest rate published will be used to calculate the Current Index. If the LIBOR rate is no longer available, you will choose a comparable index.

3. Capitalization – If payment of principal and interest is deferred (Paragraph C.2) and I have elected the "Full Deferral" repayment option (the applicable repayment option is stated on the first page of this Application/Promissory Note), I am not obligated to make any payments until the loan enters the Repayment Period. You will add unpaid accrued interest to the principal loan balance on the last day of each calendar quarter (the last day of December, March, June and September) during the Deferment Period and at the end of my Deferment Period. Interest that is added to principal is called "Capitalized" interest. Capitalized interest will be treated as principal. In addition, if I am in default and the loan has been sold to TERI (see Section L.11), TERI may capitalize accrued and unpaid interest as of the date it purchases my loan. I understand that you will add all accrued and unpaid interest to the principal balance of my loan on the last day of the Deferment Period and at the end of any forbearance period.

**E. TERMS OF REPAYMENT:**

1. Deferment Period – If I have elected either the "Interest Only" repayment option or the "Full Deferral" repayment option (the applicable repayment option is stated on the first page of this Application/Promissory Note), you will send me statements during the Deferment Period (showing the total of my loan disbursements and the interest that accrues on my loan). Statements will be sent to the address shown on your records. If I have elected the "Interest Only" repayment option, I agree to make payments each month during the Deferment Period equal to the accrued interest on the outstanding balance of this Application/Promissory Note. If I have elected the "Full Deferral" repayment option I may, but am not required to make payments during the Deferment Period. You will add any interest that I do not pay during the Deferment Period to the principal balance, as described in Paragraph D.3.

2. Repayment Period – During the Repayment Period, you will send me monthly statements or a coupon book which shows the amounts of minimum monthly payments and the payment due dates. I will make consecutive monthly payments in amounts at least equal to such minimum monthly payments by the applicable payment due dates until I have paid all of the principal and interest and any other charges I may owe under this Application/Promissory Note.

3. Repayment Terms – My monthly payment will be established based on the rules in this Application/Promissory Note when my Repayment Period begins. If the Variable Rate changes, the amount of my monthly payment generally will not change. Instead, the number of monthly payments I must make (and/or the amount of the final monthly payment I must make) may change. However, if changes in the Variable Rate would require me to make more than 30 monthly payments in addition to the monthly payments originally scheduled, the amount of my regular monthly payment will be adjusted to allow repayment of this Application/Promissory Note in full during the original Repayment Period, as extended by the addition of 30 monthly payments.

4. Minimum Repayment – During the Repayment Period, my minimum payment will be at least $25 each month or the entire unpaid loan balance, whichever is less. I understand that I may pay more than my monthly payment at any time without penalty or charge.

5. Amounts Owing at the End of the Repayment Period – Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal, interest, and/or late charges at the end of the Repayment Period. If I have not paid my late charges, I will also owe additional amounts for those late charges. In such cases you will increase the amount of my last monthly payment to the amount necessary to repay my loan in full in a single payment.

6. Payments – Payments will be applied first to late charges and other fees and charges, then accrued interest, and the remainder to principal.

7. Other Charges - If any part of a monthly payment remains unpaid for a period of more than 15 days after the payment due date, I will pay a late charge not exceeding $5.00 or 5% of the overdue payment amount, whichever is less. I will pay only one late charge for any payment, regardless of the number of days it is late. To the extent permitted by law, I agree to pay you all amounts you incur in enforcing the terms of

Attachment 3
to Exhibit B
Page 3 of 5

this Application/Promissory Note, including reasonable collection agency and attorney's fees and court costs and other collection costs.

**F. LOAN ORIGINATION FEE:** You may charge me an Origination Fee. If you charge me, at the time you issue any disbursement to me, or on my behalf, you may add the Origination Fee to my loan amount. The dollar amount of any Loan Origination Fee will be determined by multiplying the sum of the Loan Origination Fee and the Loan Amount Requested, to the extent advanced to me, times the Loan Origination Fee Percentage shown on the first page of this Application/Promissory Note. The percentage would be higher if computed only on the amount advanced rather than the entire principal amount (Loan Origination Fee plus Loan Amount Requested). For example, a nominal Loan Origination Fee of 6.5% on the entire principal amount would equal 6.9519% of the amount advanced. The Loan Origination Fee I will pay, if any, will be shown on my Disclosure Statement and will be added to the principal amount of my loan. To the extent permitted by law, and unless I timely cancel this Application/Promissory Note (see Paragraph B.3), I will not be entitled to a refund of any Loan Origination Fee after my Disbursement Check has been negotiated.

**G. RIGHT TO PREPAY:** I have the right to prepay all or any part of my loan at any time without penalty or charge.

**H. FORBEARANCE:** If I am unable to repay my loan in accordance with the terms established under this Application/Promissory Note, I may request that you modify these terms. I understand that such modification would be at your option. I understand that I will remain responsible for all interest accruing during any period of forbearance and that you will add any interest that I do not pay during any forbearance period to the principal balance, as described in Paragraph D.3.

**I. WHOLE LOAN DUE:** To the extent permitted by applicable law, I will be in default if: (1) I fail to make any monthly payment to you when due, (2) I die, (3) I break any of my other promises in this Application/Promissory Note, (4) Any bankruptcy proceeding is begun by or against me, or I assign any of my assets for the benefits of my creditors, or (5) I make any false written statement in applying for this loan or at any time during the Deferment or Repayment Periods. I understand that if I default on my loan, disclosure of my loan information to consumer reporting agencies may adversely affect my credit rating. If I default, I will be required to pay interest on this loan accruing after default. The interest rate after default will be subject to adjustment in the same manner as before default. To the extent permitted by law, upon default, you will have the right to give me notice that all amounts outstanding under this Application/Promissory Note are due and payable at once. You may also add any interest and fees to the principal balance, and increase the Margin used to compute the Variable Rate by two percentage points (2%).

**J. NOTICES:**

1. I will send written notice to the servicer authorized by you to service my loan account, or any subsequent holder of this Application/Promissory Note, within ten days after any change in my name, address, or enrollment status at the School. I will send any notice that I give under this Application/Promissory Note to the servicer authorized by you to service my loan account, at the address you provide.
2. Any notice required to be given to me by you will be effective when mailed by first class mail to the latest address you have for me.

**K. INFORMATION:**

1. I must update any and all information related to this Application/Promissory Note or my loan application whenever you ask me to do so.
2. I authorize you from time to time to request and receive from others credit related information about me (and about my spouse if I live in a community property state).

**L. ADDITIONAL AGREEMENTS:**

1. I understand that you are located in OHIO and that this Application/Promissory Note will be entered into in the same state. CONSEQUENTLY, THE PROVISIONS OF THIS APPLICATION/PROMISSORY NOTE WILL BE GOVERNED BY FEDERAL LAW AND THE LAWS OF THE STATE OF OHIO, WITHOUT REGARD TO CONFLICT OF LAW RULES.
2. The proceeds of this loan will be used only for my educational expenses at the School.
3. My responsibility for paying the loan evidenced by this Application/Promissory Note is unaffected by the liability of any other person to me or by your failure to notify me that a required payment has not been made. Without losing any of your rights under this Application/Promissory Note you may accept (a) late payments, (b) partial payments or (c) payments marked "paid in full" or with other restrictions. You may delay, fail to exercise, or waive any of your rights on any occasion without losing your entitlement to exercise the right at any future time, or on any future occasion. You will not be obligated to make any demand upon me, send me any notice, present this Application/Promissory Note to me for payment or make protest of non-payment to me before suing to collect on this Application/Promissory Note if I am in default, and to the extent permitted by applicable law, I hereby waive any right I might otherwise have to require such actions. I WILL NOT SEND YOU PARTIAL PAYMENTS MARKED "PAID IN FULL", "WITHOUT RECOURSE" OR WITH OTHER SIMILAR LANGUAGE UNLESS THOSE PAYMENTS ARE MARKED FOR SPECIAL HANDLING AND SENT TO THE ADDRESS IDENTIFIED FOR SUCH PAYMENTS ON MY BILLING STATEMENT, OR TO SUCH OTHER ADDRESS AS I MAY BE GIVEN IN THE FUTURE.
4. I may not assign this Application/Promissory Note or any of its benefits or obligations. You may assign this Application/Promissory Note at any time.
5. The terms and conditions set forth in this Application/Promissory Note and Instructions constitute the entire agreement between you and me.
6. If any provision of this Application/Promissory Note is held invalid or unenforceable, that provision shall be considered omitted from this Application/Promissory Note without affecting the validity or enforceability of the remainder of this Application/Promissory Note.
7. A provision of this Application/Promissory Note may only be modified if jointly agreed upon in writing by you and me. Any modification will not affect the validity or enforceability of the remainder of this Application/Promissory Note. If I fax my Application/Promissory Note, I have read and understand the prohibition regarding changes in Paragraph L.15.
8. To the extent permitted by law, you have the right to apply money from any of my deposit account(s) with you to pay all or a portion of any amount overdue under this Application/Promissory Note. If I am in default at any time (including but not limited to a situation where I give an improper cancellation notice), you may exercise on my behalf any right that I may have to cancel my enrollment at the School and receive a full or partial refund of payments made to the School. I authorize the School to pay any or all of such amounts directly to you upon receipt of notice from you that I am in default under this Application/Promissory Note, and I give you a security interest in all such amounts.
9. All dollar amounts stated in this Application/Promissory Note are in United States dollars. I will make all payments in United States Dollars with no deduction for currency exchange.
10. The Student's failure to complete the education program paid for with this loan will not relieve any Borrower of any obligation under this Application/Promissory Note.
11. **I acknowledge that the requested loan may be subject to the limitations on dischargeability in bankruptcy contained in Section 523 (a) (8) of the United States Bankruptcy Code. Specifically, I understand that you have purchased a guaranty of this loan, and that this loan is guaranteed by The Education Resources Institute, Inc. ("TERI"), a non-profit loan guaranty agency.**
12. I authorize any school that I may attend to release to other persons designated by you, any requested information pertinent to this loan (e.g. enrollment status, prior loan history, and current address).
13. I authorize the Lender, any subsequent holder of this Application/Promissory Note, and their agents to: (1) advise the School of the status of my application and my loan, (2) respond to inquiries from prior or subsequent lenders or holders with respect to my Application/Promissory Note and related documents, (3) release information and make inquiries to the persons I have given you as references, for the purposes of learning my current address and telephone number, (4) check my credit and employment history and to answer questions about their credit experience with me.
14. Waiver by Lender: Except as stated in Paragraph L.8, you waive (give up) any right to claim a security interest in any property to secure this Application/Promissory Note. This does not affect any right to offset as a matter of law.
15. If I fax my signature(s) on the first page of this Application/Promissory Note back to you and keep the copy I signed, I understand that under federal law the fax you receive will be an original of the first page of this Application/Promissory Note and I will refax the first page upon request by Lender. I may NOT amend the Application/Promissory Note by making changes to the Signature Page, which are then faxed to Lender. If the Borrower faxes the Signature Page, and the Lender approves the application, then there will be two originals of the Agreement; the Lender's copy and the Borrower's copy.

**M. STATE DISCLOSURE NOTICES**

CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account. If you take any adverse action as defined by Section 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, I have the right to obtain within 60 days a free copy of my consumer credit report from the consumer reporting agency who furnished you my consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis.

CALIFORNIA and UTAH RESIDENTS ONLY: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations. (For purposes of the following two notices, the word "you" refers to the Borrower, not the Lender.)

IOWA RESIDENTS ONLY: If you are an Iowa resident and your amount financed is $25,000 or less, this is a consumer credit transaction.

IOWA and KANSAS RESIDENTS: NOTICE TO CONSUMER 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.

MARYLAND RESIDENTS ONLY: You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under 12 U.S.C. §85 and related regulations and interpretations, which authority you expressly reserve.

MISSOURI RESIDENTS ONLY: ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF

THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.

NEVADA RESIDENTS: This is a loan for study.

NEW YORK, RHODE ISLAND, and VERMONT RESIDENTS: I understand and agree that you may obtain a consumer credit report in connection with updates, renewals of extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans.

NEW JERSEY RESIDENTS ONLY: The section headings of this Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all credit-worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

OKLAHOMA RESIDENTS ONLY: If I am in default and only if the total amount disbursed under this Note is greater than $3,600 (or any higher dollar amount established by law for the payment of such fees), I agree to pay the Lender's attorney's fees and court costs up to 15% of the unpaid debt.

WISCONSIN RESIDENTS ONLY: For married Wisconsin residents, my signature confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement (pre-marital agreement), unilateral statement under Section 766.59 of the Wisconsin Statutes or court decree under Section 766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, a statement or a decree or have actual knowledge of the adverse provision. If the loan for which I am applying is granted, I will notify you if I have a spouse who needs to receive notification that credit has been extended to me.

N. BORROWER'S CERTIFICATION: I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I certify that all information I provided to you in connection with this loan, including without limitation the information contained in this Application/Promissory Note, is true, complete and correct to the best of my knowledge and belief and is made in good faith. I understand that I am responsible for repaying immediately any funds that I receive which are not to be used or are not used for educational expenses related to attendance at the School for the academic period stated. I certify that I am not now in default on a Federal Perkins Loan, a Federal Stafford Loan, a Federally Insured Student Loan, a Federal Supplemental Loan for Students (SLS), a Federal PLUS Loan, an Income Contingent Loan, a Federal Consolidation Loan, a Federal Ford Direct Loan, or any other education loan received for attendance at any school.

**Creditworthy Student — Loan Application/Promissory Note — Signature Page**

**NON-NEGOTIABLE CREDIT AGREEMENT – THIS IS A CONSUMER CREDIT TRANSACTION**

**LOAN PROGRAM INFORMATION**

Education One[SM] Undergraduate Loan | Lender: Bank One, N.A. | Academic Period: 01/2004-12/2004

Loan Amount Requested: $30000.00 | School: UNIVERSITY OF CENTRAL OKLAHOMA

Deferral Period Margin: 4.65 | Repayment Period Margin: 4.65

Loan Origination Fee Percentage: 9.50 | Repayment Option: Deferred Principal and Interest

**STUDENT BORROWER INFORMATION (Must be at least 18 years of age)**

Borrower Name: Dustin R Young | Home Address: [redacted] Nw 24th Newcastle, OK 73065
Social Security #: [redacted]-3904 | Date of Birth: [redacted]/1981 | Home Telephone: [redacted]4217

Current Employer: VELOCITY EXPRESS SHOWNTIME | Employer Telephone: [redacted]5602
Current Position: Blue collar worker | Years There: 2 Years 1 Months
Years at Previous Employment:

**Alimony, child support, or separate maintenance income do not have to be revealed if you do not want them considered for repaying this obligation. If you are relying on such additional income, please provide details on a separate sheet of paper.**

Student Citizenship (check one box): ☒ U.S. Citizen ☐ Eligible Non-Citizen (Attach front & back copy of INS or student visa card)
Personal Reference Name: John I Robbarson | Reference Home Tel #: [redacted]-1925 | Work Tel #:
Reference Street Address: [redacted]
Reference City/State/Zip: Norman, OK 73071

By my signature, I certify that I have read, understand and agree to the terms of and undertake the obligations set forth on all four (4) pages of this Application/Promissory Note EO.03-04.CRWO.20.0603. I understand that any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties, which may include fines or imprisonment. I understand that I am not required to fax my signature on this Application/Promissory Note to Lender. If I choose to fax my signature on this Application/Promissory Note to Lender, I intend: (i) my fax signature to be binding on me and to be an electronic signature under applicable federal and state law, (ii) the fax printout received by the Lender to be an original document, (iii) to conduct business with the Lender by electronic records and electronic signatures, and (iv) that this Application/Promissory Note will not be governed by Article 3 or Article 9 of the Uniform Commercial Code.

FOR ALABAMA RESIDENTS: CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

FOR WISCONSIN RESIDENTS - NOTICE TO CUSTOMER:

(a) DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE BEFORE YOU READ THE WRITING ON THE FOLLOWING PAGES, EVEN IF OTHERWISE ADVISED.
(b) DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE IF IT CONTAINS ANY BLANK SPACES.
(c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.
(d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

PLEASE SIGN BELOW – RETURN This Page with Proof of Income and Other Information (if applicable) – FAX TO: 800-704-9407

Signature of Borrower: Dustin Young Date: 01-06-04

2004 JAN 15 P 1:53

EO.03-04.CRWO.20.0603
PN01_EO_03-04_CRWO_F_X_YOUNG_A101947130.pdf LENDER COPY EOTUDP

## * Creditworthy Student * Loan Application/Promissory Note – Signature Page

NON-NEGOTIABLE CREDIT AGREEMENT – THIS IS A CONSUMER CREDIT TRANSACTION

### LOAN PROGRAM INFORMATION

Education One[SM] Loan Program: [ ]

Lender: Bank One, N.A.

Repayment Option:

Loan Amount Requested:

School:

Academic Period:

Deferral Period Margin:

Repayment Period Margin:

Loan Origination Fee Percentage:

### STUDENT BORROWER INFORMATION (Must be at least 18 years of age)

Borrower Name:
Social Security #:

Home Address:
Date of Birth:

Home Telephone:

Current Employer:
Current Position:

Years There:

Employer Telephone:

Years at Previous Employment:

**Alimony, child support, or separate maintenance incomes do not have to be revealed if you do not want them considered for repaying this obligation. If you are relying on such additional income, please provide details on a separate sheet of paper.**

Student Citizenship (check one box): ☐ U.S. Citizen ☐ Eligible Non-Citizen (Attach front & back copy of INS or student visa card)

Personal Reference Name:________________ Reference Home Tel #:____________ Work Tel #:__________

Reference Street Address:______________________________

Reference City/State/Zip:______________________________

By my signature, I certify that I have read, understand and agree to the terms of and undertake the obligations set forth on all four (4) pages of this Application/Promissory Note EO.03-04.CRWO.20.0603. I understand that any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties, which may include fines or imprisonment. I understand that I am not required to fax my signature on this Application/Promissory Note to Lender. If I choose to fax my signature on this Application/Promissory Note to Lender, I intend: (i) my fax signature to be binding on me and to be an electronic signature under applicable federal and state law, (ii) the fax printout received by the Lender to be an original document, (iii) to conduct business with the Lender by electronic records and electronic signatures, and (iv) that this Application/Promissory Note will not be governed by Article 3 or Article 9 of the Uniform Commercial Code.

FOR ALABAMA RESIDENTS: CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

FOR WISCONSIN RESIDENTS - NOTICE TO CUSTOMER:

(a) DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE BEFORE YOU READ THE WRITING ON THE FOLLOWING PAGES, EVEN IF OTHERWISE ADVISED.
(b) DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE IF IT CONTAINS ANY BLANK SPACES.
(c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.
(d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

PLEASE SIGN BELOW – RETURN This Page with Proof of Income and Other Information (If applicable) – FAX TO 800-704-9407

Signature of Borrower____________________________ Date ________________

Attachment 4
to Exhibit B
Page 2 of 5

In this Application/Promissory Note, the words "I", "me", "my", and "mine" mean the person who signed this Application/Promissory Note as Borrower. The words "you", "your", "yours", and "Lender" means Bank One, N.A., its successors and assigns, and any other holder of this Application/Promissory Note. "School" means the school named at the top of the first page of this Application/Promissory Note.

**A. PROMISE TO PAY:** I promise to pay to your order, upon the terms and conditions of this Application/Promissory Note, all principal, interest and other charges set forth herein.

**B. LOAN; DISCLOSURE STATEMENT:**

1. **By signing this Application/Promissory Note, and submitting it to you, I am requesting that you make this loan to me in an amount equal to the Loan Amount Requested plus any Loan Origination Fee described in Paragraph F of this Application/Promissory Note. When you receive my signed Application, you are not agreeing to lend me money. You have the right not to make a loan or to lend an amount less than I am requesting. I agree to accept an amount less than the Loan Amount Requested and to repay that portion of the Loan Amount Requested that you actually lend to me.**

2. If you decide to make a loan to me, you will mail me a disbursement check (the "Disbursement Check") and a statement disclosing certain information about the loan in accordance with the federal Truth-in-Lending Act (the "Disclosure Statement"). You have the right to disburse my Disbursement Check through an agent. At your option, you may make the Disbursement Check co-payable to me and the School. In addition to other information, the Disclosure Statement will tell me the amount of my disbursement and the amount of the Loan Origination Fee. The Disclosure Statement is part of this Application/Promissory Note. Upon receipt of the Disclosure Statement, I will review the Disclosure Statement and notify you in writing if I have any questions. My endorsement of the Disbursement Check will acknowledge receipt of the Disclosure Statement and my agreement to be legally bound by this Application/Promissory Note.

3. If I am not satisfied with the terms of my loan as disclosed in the Disclosure Statement, I may cancel my loan. To cancel my loan, I will give you a written cancellation notice, together with my unused Disbursement Check or, if I have already endorsed and delivered the Disbursement Check to the School, a good check, payable to you, in the full amount of the Disbursement Check. If I have delivered the Disbursement Check to the School, I cannot cancel more than ten (10) days after I originally received the Disbursement Check. If I give notice of cancellation but do not comply with the requirements of this Paragraph B.3, this Application/Promissory Note will not be canceled and I will be in default of this Application/Promissory Note. (See Paragraph I.)

**C. DEFINITIONS:**

1. "Disbursement Date" means the date shown on any Disbursement Check you prepare for me (not the date I endorse or negotiate my check).

2. The "Deferment Period" will begin on the Disbursement Date and end on the Deferment End Date.

3. "Deferment End Date" means the date specified below for the applicable loan program (the applicable loan program is stated on the first page of this Application/Promissory Note).

(a) *Education One Undergraduate Alternative Loan Program:* If I have elected the "Immediate Repayment" option (the applicable repayment option is stated on the first page of this Application/Promissory Note), there is no Deferment Period, and my first payment will be 30-60 days after the last disbursement of my loan. If I have elected the "Interest Only" repayment option (the applicable repayment option is stated on the first page of this Application/Promissory Note), then interest payments will begin 30-60 days after the first disbursement of my loan, the "Deferment End Date" will be the date the Student graduates or ceases to be enrolled at least half-time in the School (or another school participating in this loan program), and principal and interest payments will begin 30-60 days after that date. If I have elected the "Full Deferral" repayment option (the applicable repayment option is stated on the first page of this Application/Promissory Note), then the "Deferment End Date" will be 180 days after the Student graduates or ceases to be enrolled at least half-time in the School (or another school participating in this Loan Program). In any event, the Deferment End Date will be no more than 4½ years after the Disbursement Date (or 5½ years if the Student is enrolled in a five-year undergraduate program at the School).

(b) *Education One Graduate Professional Education Loan Program:* 180 days after the Student graduates or ceases for any other reason to be enrolled at least half-time in the School (or another school participating in this Loan Program), but no more than 4½ years after the Disbursement Date; provided, however, that if the Student begins a medical residency or internship during the Deferment Period, then the Deferment Period will end 180 days after the day the residency or internship ends, but no more than 8½ years after the Disbursement Date.

4. The "Repayment Period" begins the day after the Deferment Period ends, or, if there is no Deferment Period, the day after the Disbursement Date. The Repayment Period is 20 years unless monthly payments equal to the minimum monthly payment amount (See Paragraph E.4) will repay all amounts owed in less than 20 years, in which case the Repayment Period will be the number of months necessary to pay in full the amount I owe at the minimum payment.

**D. INTEREST:**

1. Accrual – Beginning on the Disbursement Date, interest on the outstanding balance of this Application/Promissory Note will accrue on the unpaid Loan Amount each day (including holidays and other days you are closed) at the Variable Rate (Paragraph D.2) divided by the number of days in the year in question.

2. Variable Rate – The "Variable Rate" is equal to the Current Index plus a Margin. The Margins for both the Deferment Period and the Repayment Period are shown on the first page of this Application/Promissory Note. In no event will the Variable Rate exceed the maximum interest rate allowed by the laws of the State of Ohio. The Variable Rate will change quarterly on the first day of each January, April, July and October (the "Change Date(s)") if the Current Index changes. The "Current Index" for any calendar quarter beginning on a Change Date (or for any shorter period beginning on the Disbursement Date and ending on the first Change Date) is based on the London Interbank Offered Rate ("LIBOR") as published in the "Money Rates" section of *The Wall Street Journal*. Each calendar quarter, the index will equal the average of the LIBOR rates published on the first business day of each of the three (3) calendar months immediately preceding such calendar quarter, **rounded to the nearest one-hundredth percent (0.01%)**. If *The Wall Street Journal* was not published or if the LIBOR rate was not published on any one or more of the first business days of each of the three calendar months immediately preceding the calendar quarter, then the Current Index will be determined by using the immediately preceding Current Index. If on any first business day of a calendar month more than one LIBOR rate is published, then the highest rate published will be used to calculate the Current Index. If the LIBOR rate is no longer available, you will choose a comparable index.

3. Capitalization – If payment of principal and interest is deferred (Paragraph C.2) and I have elected the "Full Deferral" repayment option (the applicable repayment option is stated on the first page of this Application/Promissory Note), I am not obligated to make any payments until the loan enters the Repayment Period. You will add unpaid accrued interest to the principal loan balance as of the last day of each calendar quarter (the last day of December, March, June and September) during the Deferment Period and at the end of my Deferment Period. Interest that is added to principal is called "Capitalized" interest. Capitalized interest will be treated as principal. In addition, if I am in default and the loan has been sold to TERI (see Section L.11), TERI may capitalize accrued and unpaid interest as of the date it purchases my loan. I understand that you will add all accrued and unpaid interest to the principal balance of my loan on the last day of the Deferment Period and at the end of any forbearance period.

**E. TERMS OF REPAYMENT:**

1. Deferment Period – If I have elected either the "Interest Only" repayment option or the "Full Deferral" repayment option (the applicable repayment option is stated on the first page of this Application/Promissory Note), you will send me statements during the Deferment Period (showing the total outstanding principal balance of my loan and the interest that has accrued on my loan). Statements will be sent to the address shown on your records. If I have elected the "Interest Only" repayment option, I agree to make payments each month during the Deferment Period equal to the accrued interest on the outstanding balance of this Application/Promissory Note. If I have elected the "Full Deferral" repayment option I may, but am not required to make payments during the Deferment Period. You will add any interest that I do not pay during the Deferment Period to the principal balance, as described in Paragraph D.3.

2. Repayment Period – During the Repayment Period, you will send me monthly statements or a coupon book which shows the amounts of minimum monthly payments and the payment due dates. I will make consecutive monthly payments in amounts at least equal to such minimum monthly payments by the applicable payment due dates until I have paid all of the principal and interest and any other charges I may owe under this Application/Promissory Note.

3. Repayment Terms – My monthly payment will be established based on the rules in this Application/Promissory Note when my Repayment Period begins. My monthly payment amount will be calculated as of the day the Repayment Period begins ("Repayment Date"). It will also be calculated following any subsequent deferment or forbearance period or any request by the Borrower to the servicer to change the monthly payment due date (each of which events is a new "Repayment Date"). After any Repayment Date is set, my monthly payment will be recalculated once each year prior to the anniversary of the Repayment Date. My new monthly payment amount, which will take effect on the anniversary of the Repayment Date, will be disclosed to me each year by the servicer. The new monthly repayment amount will equal the amount necessary to pay in full, over the number of months remaining in the Repayment Period, the amount I owe in equal monthly installments of principal and interest at the Variable Rate in effect at the time of the calculation. I understand that this may result in a reduction or increase in my monthly payment as calculated each year. I understand that during the Repayment Period (and, if I have elected the "Interest Only" repayment option, during the period of interest payments) the servicer may change the monthly payment due date of future payments to a later date for the convenience of the servicer in processing payments or in order to coordinate the due dates of all of my loans processed by the servicer. This change in monthly payment due date may result in the charging of additional interest in the month of the change, which I agree to pay.

4. Minimum Repayment – During the Repayment Period, my minimum payment will be at least $25 each month or the entire unpaid loan balance, whichever is less. I understand that I may pay more than my monthly payment at any time without penalty or charge.

5. Amounts Owing at the End of the Repayment Period – Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment

due dates, I may owe additional principal, interest, and/or late charges at the end of the Repayment Period. If I have not paid my late charges, I will also owe additional amounts for those late charges. In such cases you will increase the amount of my last monthly payment to the amount necessary to repay my loan in full in a single payment.

6. Payments – Payments will be applied first to late charges and other fees and charges, then accrued interest, and the remainder to principal. If I have multiple loans processed by the servicer, and I submit a single payment that is not sufficient to pay all of the amounts I owe, such payment will be divided between or among the loans in accordance with applicable law and the servicer's customary procedures.

7. Other Charges - If any part of a monthly payment remains unpaid for a period of more than 15 days after the payment due date, I will pay a late charge not exceeding $5.00 or 5% of the overdue payment amount, whichever is less. I will pay only one late charge for any payment, regardless of the number of days it is late. To the extent permitted by law, I agree to pay you all amounts you incur in enforcing the terms of this Application/Promissory Note, including reasonable collection agency and attorney's fees and court costs and other collection costs.

**F. LOAN ORIGINATION FEE:** You may charge me an Origination Fee. If you charge me, at the time you issue any disbursement to me, or on my behalf, you may add the Origination Fee to my loan amount. The dollar amount of any Loan Origination Fee will be determined by multiplying the sum of the Loan Origination Fee and the Loan Amount Requested, to the extent advanced to me, times the Loan Origination Fee Percentage shown on the first page of this Application/Promissory Note. The percentage would be higher if computed only on the amount advanced rather than the entire principal amount (Loan Origination Fee plus Loan Amount Requested). For example, a nominal Loan Origination Fee of 8% on the entire principal amount would equal 8.6957% of the amount advanced. The Loan Origination Fee I will pay, if any, will be shown on my Disclosure Statement and will be added to the principal amount of my loan. To the extent permitted by law, and unless I timely cancel this Application/Promissory Note (see Paragraph B.3), I will not be entitled to a refund of any Loan Origination Fee after my Disbursement Check has been negotiated.

**G. RIGHT TO PREPAY:** I have the right to prepay all or any part of my loan at any time without penalty or charge.

**H. FORBEARANCE:** If I am unable to repay my loan in accordance with the terms established under this Application/Promissory Note, I may request that you modify these terms. I understand that such modification would be at your option. I understand that I will remain responsible for all interest accruing during any period of forbearance and that you will add any interest that I do not pay during any forbearance period to the principal balance, as described in Paragraph D.3.

**I. WHOLE LOAN DUE:** To the extent permitted by applicable law, I will be in default if: (1) I fail to make any monthly payment to you when due, (2) I die, (3) I break any of my other promises in this Application/Promissory Note, (4) Any bankruptcy proceeding is begun by or against me, or I assign any of my assets for the benefits of my creditors, or (5) I make any false written statement in applying for this loan or at any time during the Deferment or Repayment Periods. I understand that if I default on my loan, disclosure of my loan information to consumer reporting agencies may adversely affect my credit rating. If I default, I will be required to pay interest on this loan accruing after default. The interest rate after default will be subject to adjustment in the same manner as before default. To the extent permitted by law, upon default, you will have the right to give me notice that all amounts outstanding under this Application/Promissory Note are due and payable at once. Upon default, you may also capitalize any interest and fees (i.e., add accrued and unpaid interest and fees to the principal balance), and increase the Margin used to compute the Variable Rate by two percentage points (2%).

J. NOTICES:

1. I will send written notice to the servicer authorized by you to service my loan account, or any subsequent holder of this Application/Promissory Note, within ten days after any change in my name, address, or enrollment status at the School. I will send any notice that I give under this Application/Promissory Note to the servicer authorized by you to service my loan account, to the address you provide.

2. Any notice required to be given to me by you will be effective when mailed by first class mail to the latest address you have for me.

K. INFORMATION:

1. I must update any and all information related to this Application/Promissory Note or my loan application whenever you ask me to do so.

2. I authorize you from time to time to request and receive from others credit related information about me (and about my spouse if I live in a community property state).

L. ADDITIONAL AGREEMENTS:

1. I understand that you are located in OHIO and that this Application/Promissory Note will be entered into in the same state. CONSEQUENTLY, THE PROVISIONS OF THIS APPLICATION/PROMISSORY NOTE WILL BE GOVERNED BY FEDERAL LAW AND THE LAWS OF THE STATE OF OHIO, WITHOUT REGARD TO CONFLICT OF LAW RULES.

2. The proceeds of this loan will be used only for my educational expenses at the School.

3. My responsibility for paying the loan evidenced by this Application/Promissory Note is unaffected by the liability of any other person to me or by your failure to notify me that a required payment has not been made. Without losing any of your rights under this Application/Promissory Note you may accept (a) late payments, (b) partial payments or (c) payments marked "paid in full" or with other restrictions. You may delay, fail to exercise, or waive any of your rights on any occasion without losing your entitlement to exercise the right at any future time, or on any future occasion. You will not be obligated to make any demand upon me, send me any notice, present this Application/Promissory Note to me for payment or make protest of non-payment to me before suing to collect on this Application/Promissory Note if I am in default, and to the extent permitted by applicable law, I hereby waive any right I might otherwise have to require such actions. I WILL NOT SEND YOU PAYMENTS MARKED "PAID IN FULL", "WITHOUT RECOURSE" OR WITH OTHER SIMILAR LANGUAGE UNLESS THOSE PAYMENTS ARE MARKED FOR SPECIAL HANDLING AND SENT TO THE ADDRESS IDENTIFIED FOR SUCH PAYMENTS ON MY BILLING STATEMENT, OR TO SUCH OTHER ADDRESS AS I MAY BE GIVEN IN THE FUTURE.

4. I may not assign this Application/Promissory Note or any of its benefits or obligations. You may assign this Application/Promissory Note at any time.

5. The terms and conditions set forth in this Application/Promissory Note and instructions and the Disclosure Statement constitute the entire agreement between you and me.

6. If any provision of this Application/Promissory Note is held invalid or unenforceable, that provision shall be considered omitted from this Application/Promissory Note without affecting the validity or enforceability of the remainder of this Application/Promissory Note.

7. A provision of this Application/Promissory Note may only be modified if jointly agreed upon in writing by you and me. Any modification will not affect the validity or enforceability of the remainder of this Application/Promissory Note. If I fax my Application/Promissory Note, I have read and understand the prohibition regarding changes in Paragraph L.15.

8. To the extent permitted by law, you have the right to apply money from any of my deposit account(s) with you to pay all or a portion of any amount overdue under this Application/Promissory Note. If I am in default at any time (including but not limited to a situation where I give an improper cancellation notice), you may exercise on my behalf any right that I may have to cancel my enrollment at the School and receive a full or partial refund of payments made to the School. I authorize the School to pay any or all of such amounts directly to you upon receipt of notice from you that I am in default under this Application/Promissory Note, and I give you a security interest in all such amounts.

9. All dollar amounts stated in this Application/Promissory Note are in United States dollars. I will make all payments in United States Dollars with no deduction for currency exchange.

10. The Student's failure to complete the education program paid for with this loan will not relieve any Borrower of any obligation under this Application/Promissory Note.

11. **I acknowledge that the requested loan may be subject to the limitations on dischargeability in bankruptcy contained in Section 523 (a) (8) of the United States Bankruptcy Code. Specifically, I understand that you have purchased a guaranty of this loan, and that this loan is guaranteed by The Education Resources Institute, Inc. ("TERI"), a non-profit loan guaranty agency.**

12. I authorize any school that I may attend to release to you, and any other persons designated by you, any requested information pertinent to this loan (e.g. enrollment status, prior loan history, and current address).

13. I authorize the Lender, any subsequent holder of this Application/Promissory Note, and their agents to: (1) advise the School of the status of my application and my loan, (2) respond to inquiries from prior or subsequent lenders or holders with respect to my Application/Promissory Note and related documents, (3) release information and make inquiries to the persons I have given you as references, for the purposes of learning my current address and telephone number, (4) check my credit and employment history and to answer questions about their credit experience with me, and (5) disclose to TERI either in connection with this transaction or any future transaction all information (including status information and non-public personal information) of the Borrower provided in connection with this Application/Promissory Note.

14. Waiver by Lender: Except as stated in Paragraph L.8, you waive (give up) any right to claim a security interest in any property to secure this Application/Promissory Note. This does not affect any right to offset as a matter of law.

15. If I fax my signature(s) on the first page of this Application/Promissory Note back to you and keep the copy I signed, I understand that under federal law the fax you receive will be an original of the first page of this Application/Promissory Note and I will refax the first page upon request by Lender. I may NOT amend the Application/Promissory Note by making changes to the Signature Page, which are then faxed to Lender. If the Borrower faxes the Signature Page, and the Lender approves the application, then there will be two originals of the Agreement; the Lender's copy and the Borrower's copy.

M. STATE DISCLOSURE NOTICES

CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account. If you take any adverse action as defined by Section 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, I have the right to obtain within 60 days a free copy of my consumer credit report from the consumer reporting agency who furnished you my consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis.

CALIFORNIA and UTAH RESIDENTS ONLY: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.

(For purposes of the following two notices, the word "you" refers to the Borrower, not the Lender.)

IOWA RESIDENTS ONLY: If you are an Iowa resident and your amount financed is $25,000 or less, this is a consumer credit transaction.

IOWA and KANSAS RESIDENTS: NOTICE TO CONSUMER 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.

MARYLAND RESIDENTS ONLY: You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under 12 U.S.C. §85 and related regulations and interpretations, which authority you expressly reserve.

MISSOURI RESIDENTS ONLY: **ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.**

NEVADA RESIDENTS: This is a loan for study.

NEW YORK, RHODE ISLAND, and VERMONT RESIDENTS: I understand and agree that you may obtain a consumer credit report in connection with updates, renewals of extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans.

NEW JERSEY RESIDENTS ONLY: The section headings of this Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all credit-worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

OKLAHOMA RESIDENTS ONLY: If I am in default and only if the total amount disbursed under this Note is greater than $3,600 (or any higher dollar amount established by law for the payment of such fees), I agree to pay the Lender's attorney's fees and court costs up to 15% of the unpaid debt.

WISCONSIN RESIDENTS ONLY: For married Wisconsin residents, my signature confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement (pre-marital agreement), unilateral statement under Section 766.59 of the Wisconsin Statutes or court decree under Section 766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, a statement or a decree or have actual knowledge of the adverse provision. If the loan for which I am applying is granted, I will notify you if I have a spouse who needs to receive notification that credit has been extended to me.

**N. BORROWER'S CERTIFICATION:** I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I certify that all information I provided to you in connection with this loan, including without limitation the information contained in this Application/Promissory Note, is true, complete and correct to the best of my knowledge and belief and is made in good faith. I understand that I am responsible for repaying immediately any funds that I receive which are not to be used or are not used for educational expenses related to attendance at the School for the academic period stated. I certify that I am not now in default on a Federal Perkins Loan, a Federal Stafford Loan, a Federally Insured Student Loan, a Federal Supplemental Loan for Students (SLS), a Federal PLUS Loan, an Income Contingent Loan, a Federal Consolidation Loan, a Federal Ford Direct Loan, or any other education loan received for attendance at any school.

# NOTE DISCLOSURE STATEMENT

$ 27,322.40
01551399
Loan No.

Borrower(s) DUSTIN YOUNG

Student: DUSTIN YOUNG
Date: JANUARY 21, 2003

Lender Name and Address:
BANK ONE, NA (OHIO)
100 EAST BROAD STREET
COLUMBUS, OH 43125

This disclosure statement relates to your Loan Note disbursed on JANUARY 21, 2003. Because your Loan is either being disbursed entering repayment, or the repayment terms are being modified, the following information about your Loan is being given to you.

| **ANNUAL PERCENTAGE RATE** The cost of your credit as a yearly rate. | **FINANCE CHARGE** The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments scheduled. |
|---|---|---|---|
| 7.071 % | $ 36,291.20 | $ 25,000.00 | $ 61,291.20 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments are due |
|---|---|---|
| 240 | $ 255.38 | On the 25th day of each month beginning on 12/2006 |
| | | |
| | | |
| | | |

☐ VARIABLE RATE: The Annual Percentage Rate, which is based on an index plus a margin, may increase during the term of the loan if the index rate increases. The index is (check one):

☐ Prime Rate Index Adjusted Monthly - The highest U.S. bank prime rate published in the "Money Rates" section of The Wall Street Journal on the last business day of each calendar month.

☐ Prime Rate Index Adjusted Quarterly - The highest U.S. bank prime rate published in the "Money Rates" section of The Wall Street Journal on the last business day of each calendar quarter.

☐ United States Treasury Bill ("T-Bill") Index - The index is the "Auction Average (Investment) - 3 month" rate most recently published by the Federal Reserve Board before the first day of the calendar quarter.

☒ LIBOR Index Adjusted Quarterly - The average of the one-month London Interbank Offered Rates published in the "Money Rates" section of The Wall Street Journal on the first business day of each of the three (3) calendar months immediately preceding the first day of each calendar quarter.

Any increase in the index and the Annual Percentage Rate which occurs while principal payments or principal and interest payments are deferred will increase the amount of any current and all future payments. Any increase in the index and the Annual Percentage Rate which occurs after you have begun to make principal and interest payments on your loan will increase the number of principal and interest payments you must make, unless the monthly payment amount is not sufficient to pay the monthly accrued interest and to repay the principal amount of the loan in full over the maximum repayment period, in which case the monthly payment amount may be increased to the minimum amount necessary to do so. For example, if your loan were for $10,000 at 11% for seven years, and the rate increased to 12% in one year after you began making principal and interest payments, you would have to make three additional payments.

SECURITY: You have given a security interest in all refunds or amounts owed to you at any time by the student's educational institution. Collateral securing other loans with the Lender may also secure this Loan.
LATE CHARGES: If a payment is more than 15 days late, you may be charged $5.00 or 5% of the payment, whichever is less. If you default, Lender (or any subsequent holder of your Loan Note) may increase the margin used to compute the Annual Percentage Rate by two percentage points (2%).
PREPAYMENT: If you pay off early, you will not have to pay a penalty.

See your contract documents for additional information about non-payment, default, any required repayment in full before the scheduled date, prepayment refunds, any security interest and penalties.

Principal Amount of Note (Amount Financed plus Prepaid Finance Charge) $ 27,322.40

Itemization of Amount Financed
Amount paid to DUSTIN YOUNG $ 25,000.00
Amount paid to $

Total Amount Financed $ 25,000.00

Itemization of Prepaid Finance Charge
Origination Fee $ 2,322.40
Total Prepaid Finance Charge(s) $ 2,322.40

Estimates: If payments of principal or principal and interest on your Loan are deferred while the Student is enrolled in school, all numerical disclosures except the late payment disclosure are estimates.

CSA TRAQ 5/02 9701 EOTUDP Education One Undgrad Def P&I

Attachment 5
to Exhibit B
Page 1 of 1

# NOTE DISCLOSURE STATEMENT

$ 33,149.17
01947130
Loan No.

Borrower(s) DUSTIN R YOUNG

Student: DUSTIN R YOUNG
Date: FEBRUARY 03, 2004

Lender Name and Address:
BANK ONE, NA (OHIO)
100 EAST BROAD STREET
COLUMBUS, OH 43125

This disclosure statement relates to your Loan Note disbursed on FEBRUARY 03, 2004.
Because your Loan is either being disbursed or entering repayment, or the repayment terms are being modified, the following information about your Loan is being given to you.

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments scheduled. |
|---|---|---|---|
| 6.645 % | $ 39,232.80 | $ 30,000.00 | $ 69,232.80 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments are due |
|---|---|---|
| 240 | $ 288.47 | On the 5th day of each month beginning on 11/2007 |
| | | |
| | | |
| | | |

VARIABLE RATE: The Annual Percentage Rate, which is based on an index plus a margin, may increase during the term of the loan if the index rate increases. The index is (check one):

☐ Prime Rate Index Adjusted Monthly - The highest U.S. bank prime rate published in the "Money Rates" section of The Wall Street Journal on the last business day of each calendar month.

☐ Prime Rate Index Adjusted Quarterly - The highest U.S. bank prime rate published in the "Money Rates" section of The Wall Street Journal on the last business day of each calendar quarter.

☒ LIBOR Index Adjusted Quarterly - The average of the one-month London Interbank Offered Rates published in the "Money Rates" section of The Wall Street Journal on the first business day of each of the three (3) calendar months immediately preceding the first day of each calendar quarter.

Any increase in the index and the Annual Percentage Rate which occurs while principal payments are deferred will increase the amount of any current and all future payments. Any increase in the index and the Annual Percentage Rate which occurs while principal and interest payments are deferred will increase the amount of all future payments. Any increase in the index and the Annual Percentage Rate which occurs after you have begun to make principal and interest payments on your loan will increase the amount of your future principal and interest payments beginning with your next annual payment adjustment date. For example, assume you obtain a loan in your junior year, in the amount of $10,000, at an interest rate of 11%, and you defer principal and interest paument until after your graduation, and the repayment term of the loan is 20 years. If the interest rate increased to 12% on January 1st of your senior year, the interest which accrues while principal and interest payments are deferred will increase by $ 91.01, and your monthly principal and interest payments would increase by $ 9.37.

SECURITY: You have given a security interest in all refunds or amounts owed to you at any time by the student's educational institution. Collateral securing other loans with the Lender may also secure this Loan.
LATE CHARGES: If a payment is more than 15 days late, you may be charged $5.00 or 5% of the payment, whichever is less. If you default, Lender (or any subsequent holder or any subsequent holder of your Loan Note) may increase the margin used to compute the Annual Percentage Rate by two percentage points (2%).
PREPAYMENT: If you pay off early, you will not have to pay a penalty.

See your contract documents for any additional information about non-payment, default, any required repayment in full before the scheduled date, any security interest and prepayment refunds and penalties.

Estimates: All numerical disclosures except the late payment disclosure are estimates.

Principal Amount of Note (Amount Financed plus Prepaid Finance Charge) $ 33,149.17

Itemization of Amount Financed
Amount paid to DUSTIN R YOUNG $ 30,000.00
Amount paid to $

Total Amount Financed $ 30,000.00

Itemization of Prepaid Finance Charge
Origination Fee $ 3,149.17
Total Prepaid Finance Charge(s) $ 3,149.17

CSA TRAJ 6/03 9736 EOTUDP Education One Undgrad Def P&I

Attachment 6
to Exhibit B
Page 1 of 1