Case: 08-01006   Doc: 13   Filed: 04/23/08   Page: 1 of 4

FILED
Apr 23 2008
04:47 PM
US Bankruptcy Court
Western District Of Oklahoma

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) | |
| ) | |
| YOUNG, DUSTIN RAY, ) | |
| Soc. Sec. No. xxx-xx-3904 ) | Case No. 04-19254-BH |
| ) | (Chapter 7) |
| Debtor. ) | |

| | |
|---|---|
| DUSTIN RAY YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adv. Proc. No. 08-01006-BH |
| ) | |
| AMERICAN EDUCATION SERVICES, ) | |
| ) | |
| Defendant. ) | |

**REPLY OF DEFENDANT TO PLAINTIFF'S RESPONSE
TO MOTION FOR JUDGMENT ON THE PLEADINGS
OR ALTERNATIVELY, FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

Comes now the Defendant, **AMERICAN EDUCATION SERVICES**, an unincorporated division of the **PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY**, a governmental agency of the Commonwealth of Pennsylvania, (*"AES"* and *"PHEAA,"* respectively), by and through its counsel, in reply to the response of Plaintiff (docket entry #12, the *"Response"*) to AES' motion for judgment on the pleadings, or alternatively, for summary judgment (docket entry #9, the *"Motion"*) raising new matter. AES would respectfully show the Court as follows:

The Response asserts PHEAA is not an agency of the Commonwealth of Pennsylvania, citing in support an un-sourced document (Plaintiff's Exhibit 1 to the Response). That document appears to have been taken from a publication of the Commonwealth of Pennsylvania, and is identical to that found in "The Pennsylvania Manual," which is a comprehensive guide to

Pennsylvania's government.  Nevertheless, PHEAA was created by Act of August 7, 1963, P.L. 549, found at 24 P.S. §§ 1501, et seq., a copy of which is attached for the Court's benefit as Attachment "A" to this reply.  Also, *see*, <u>Penn. Higher Education Assistance Agency v. Barksdale</u>, 449 A.2d 688, 689 (Pa.Super.Ct.1982), "[PHEAA] is undeniably an agency of the Commonwealth….," citing <u>Richmond v. Penn. Higher Education Assistance Agency</u>, 297 A.2d 544 (Pa.Commw.Ct.1972).  Exhibit "A" to the Motion clearly identifies AES as an unincorporated division of PHEAA, a part and parcel thereof, which is, as shown, undeniably an agency of the Commonwealth of Pennsylvania.

Citing <u>In re Taratuska</u>, 374. B.R. 24 (Bkrtcy.D.Mass.,2007), Plaintiff attempts to distinguish <u>In re:  Pilcher (Hemar Service Corporation of America, Inc., v. Pilcher)</u>, 149 B.R. 595, 598 (9th Cir. BAP, 1993) (cited by AES in its Motion), by essentially asserting TERI[1] is merely the guarantor of Plaintiff's student loans, not a funder of student loans.  The Ninth Circuit Bankruptcy Appellate Panel fundamentally disagrees with <u>Taratuska</u>, *infra*, and found in <u>Pilcher</u>, *id*., at 598, the loans to be non-dischargeable.

After noting the fundamental canon of statutory construction that one must begin with the statutory language itself (*id.*, at 597), <u>Pilcher</u> carefully parsed the language of *§ 523(a)(8)*, beginning at 598, to conclude it is the <u>*program*</u> that needs to be funded by a nonprofit institution and the use of the modifier "'any' suggests a broad definition.  Congress did not use language indicating that the loan itself must be funded by a nonprofit institution [as suggested here by Plaintiff], but that the program pursuant to which the loan was made be funded in party by a nonprofit institution." *Id.*

*[The Balance of this Page is Intentionally Left Blank.]*

---

[1] "TERI" is an acronym used to identify The Education Resources Institute, a non-profit Massachusetts corporation.

Section 523(a)(8) specifically provides to the contrary, stating:

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or *made under any program funded in whole or in part* by a governmental unit *or nonprofit institution*…. [Emphasis added.][2]

*Taratsuka*, beginning at 26, misstated the issue as being one of "… whether the *Loan* is one made under a program funded in whole or in part by a nonprofit institution." [Emphasis added.] This concept was rejected by Pilcher and is contrary to the plain reading of *§ 523(a)(8)*, noted *supra*.

**WHEREFORE**, AES respectfully moves the Court dismiss Plaintiff's Complaint pursuant to *Rules 12(c)* and *56.*.

**RESPECTFULLY SUBMITTED** this 23rd day of April, 2008.

> *s/     Mac D. Finlayson*
> **MAC D. FINLAYSON, OBA Bar #2921**
> MORREL SAFFA CRAIGE, P.C.
> 3501 South Yale Avenue
> Tulsa, Oklahoma 74135-8014
> Telephone:  918.664.0800
> Facsimile:  918.663.1383
> E-mail:  mac@law-office.com
>
> *ATTORNEY FOR DEFENDANT, AMERICAN EDUCATION SERVICES, an unincorporated division of the PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, a governmental agency of the Commonwealth of Pennsylvania, ("AES")*

---

[2] The Plaintiff's bankruptcy case was filed in advance of the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Pub. L. 109-8, or *"BAPCPA"*), October 17, 2005.  The operative terms of *Sec. 523(a)(8)* quoted here remained unaffected by BAPCPA with a slight modification of its numbering and the addition of *§ 523(a)(8)(A)(i) and (ii)* (formerly, just *§ 523(a)(8)*) and *§523(a)(8)(B)*.

-4-

## **CERTIFICATE OF ELECTRONIC SERVICE**

The record herein reflects that on the same day this pleading was electronically filed, a digital copy of the above and foregoing pleading was electronically served upon counsel of record and other parties herein as shown on the electronic record of filing related to this pleading.

s/     *Mac D. Finlayson*
**Mac D. Finlayson, OBA Bar #2921**