

**Dated: June 17, 2008 11:21:19**

**The following is ORDERED:**

Richard L. Bohanon
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF OKLAHOMA**

```
-----------------------------------x
In re: DUSTIN RAY YOUNG,            :
                                    :
         Debtor.                    :   No.  04-19254-BH
                                    :   Chapter 7
                                    :
-----------------------------------x
DUSTIN RAY YOUNG,                   :
                                    :
         Plaintiff,                 :
                                    :
                                    :
v.                                  :   Adv. Pro. 08-1006-BH
                                    :
AMERICAN EDUCATION SERVICES,        :
                                    :
         Defendant.                 :
                                    :
                                    :
                                    :
-----------------------------------x
```

**MEMORANDUM OF DECISION AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The Plaintiff's complaint asks the Court to determine that his student loans held by the Defendant are dischargeable and to

hold the Defendant in contempt for violating the discharge injunction.  The thrust of the Plaintiff's argument is that his student loans are discharged because they are not "made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution."  (See Compl. at ¶ 5.)  In short, the Plaintiff asserts that his student loans are dischargeable because they were not made or funded by a governmental agency or non-profit organization.

The Defendant denies that the Plaintiff's student loans are dischargeable.  Instead, it insists that the loans are non-dischargeable and that its efforts to collect did not violate the discharge injunction.  The Defendant now moves for summary judgment in its favor, and the Plaintiff objects.  For the reasons set forth below, the Court will grant the Defendant's motion for summary judgment.

## **Background**

The Plaintiff fails to provide the Court with any statement regarding what facts are undisputed.  Nonetheless, the Court gleans the following uncontroverted facts from the papers:

1.    The Plaintiff "held" two student loans with the
         Defendant.  (See Compl., ¶ 2.)

2. The Plaintiff filed his bankruptcy petition in August 2004 and received his discharge in December 2004. (<u>See</u> Compl., ¶ 1.)

3. In his complaint, the Plaintiff alleges that the Defendant has made attempts to collect on the student loans after receiving notice of his discharge.

4. The Plaintiff asks the Court to find that the student loans are dischargeable and hold the Defendant in contempt for trying to collect a discharged debt. The complaint does <u>not</u> seek a declaration that the student loans are dischargeable pursuant to 11 U.S.C. § 523(a)(8) on grounds that the student loans constitute an undue burden on the Plaintiff.

5. According to the affidavit of Shelly K. Bowman, an assistant vice-president for the Defendant, the Defendant is an unincorporated division of Pennsylvania Higher Education Assistance Agency ("PHEAA"), which is a governmental agency for the state of Pennsylvania.[1] The Defendant is the contract loan servicer for First

---

[1] In his objection to the Defendant's motion, the Plaintiff asserts that PHEAA and/or the Defendant are not governmental entities. However, the Plaintiff relies upon an exhibit that is not verified or supported by an affidavit. Indeed, the Plaintiff wholly fails to document precisely what his Exhibit 1 is. In fact, all of the Plaintiff's exhibits are not supported by any affidavit. Therefore, the Court will not consider them in ruling on the Defendant's motion. Thus, the Plaintiff effectively fails to refute the facts set out in the Defendant's papers in support of its motion. His exhibits are not admissible.

Marblehead Data Services, Inc. ("Marblehead").
Marblehead enforces student loan notes that are
guaranteed by The Education Resources Institute
("TERI"). (See Def.'s Ex. A.)

6.  According to the affidavit of Michael A. Beatty, in-
house counsel for Marblehead, Marblehead is the
authorised agent for TERI, and Beatty is authorized to
make his affidavit on behalf of TERI. TERI is a non-
profit institution that provides financial assistance
to college students throughout the nation.
Specifically, TERI administers student loan programs
via contracts with private, for-profit organizations.
Thus, TERI guarantees student loans in the event of
default. These private lenders would not make the
student loans without TERI's guarantee. (See Def.'s
Ex. B. ¶¶ 1-6.)

7.  TERI currently holds two student loans made by the
Plaintiff in favor of BankOne N.A. These student loans
were made under a program called the Education One
Undergraduate Loan Program ("Education One"). BankOne
would not likely have made these loans to the Plaintiff
without TERI's guarantee under the Education One
Program. BankOne disbursed over $60,000 in student
loans to the Plaintiff. As of March 2008, the
Plaintiff owed about $86,777 on the student loans. The

-4-

Plaintiff has not defaulted on his student loans.  <u>See</u> Def.'s Ex. B. ¶¶ 7-15.)

8.    The loan agreements signed by the Plaintiff contain an acknowledgment that the loans were non-dischargeable and that TERI, as a non-profit student loan guaranty agency, had guaranteed the Plaintiff's student loans. (<u>See</u> Def.'s Ex. B, Att. 3-4.)  Thus, the Plaintiff had notice that his student loans were made pursuant to a program funded in part by a non-profit institution. (<u>See</u> Def.'s Ex. B. ¶ 14.)

<u>**Discussion**</u>

The applicable version of § 523(a)(8) provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-
> *      *      *
>
> (8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents[.]

11 U.S.C. § 523(a)(8).

The Plaintiff's argument essentially is that his student loans were not made by a non-profit institution, i.e. his lender

-5-

was BankOne.  He directs the Court to <u>In re Taratuska</u>, 374 B.R.
24 (Bankr. D. Mass. 2007), to support his position.  In that
case, the bankruptcy court held that the debtor's student loans
were dischargeable because the loans were not funded in part or
in whole by a non-profit institution despite the fact that TERI
had guaranteed the loans.

However, the Court rejects the Plaintiff's reliance on <u>In re</u>
<u>Taratuska</u>.  Instead, the Court agrees with the reasoning in <u>In re</u>
<u>Pilcher</u>, 149 B.R. 595 (9th Cir. BAP 1993).  That court focused on
the plain language of § 523(a)(8) and explained:

> However, the plain language of § 523(a)(8)
> indicates that it is the program that need be
> funded by a nonprofit institution. Section
> 523(a)(8) does not define "program," but the
> use of the modifier "any" suggests a broad
> definition.  Congress did not use language
> indicating that the loan itself must be
> funded by a nonprofit institution, but that
> the program pursuant to which the loan was
> made be funded in part by a nonprofit
> institution.
>
> *       *       *
>
> Our reading is also consistent with the
> general legislative policy behind the
> enactment of § 523(a)(8), which was to curb
> abuses of the educational loan system by
> restricting the ability of a student to
> discharge an educational loan by filing
> bankruptcy shortly after graduation, and to
> safeguard the financial integrity of
> educational loan programs. See e.g., 124
> Cong.Rec. 1791-94 (1978).
>
>
> This reading is also consistent with the
> decision <u>in In re Hammarstrom,</u> 95 B.R. 160,
> 165 (Bankr. N.D. Cal.1989).  There, an

-6-

> educational loan initially made by a
> commercial lender, but immediately purchased
> by an nonprofit organization pursuant to
> prior agreement, was held nondischargeable
> under § 523(a)(8) because the initial loan
> and subsequent purchase were held to be part
> of a program receiving nonprofit funding.
>
> *      *      *
>
> Notwithstanding Pilcher's contentions, the
> overall educational loan program received
> nonprofit funding. As we have stated in the
> preceding section, § 523(a)(8) does not
> require that the actual loan itself be funded
> by a nonprofit institution.

Id. at 598-600.

Because the Defendant has established that the Plaintiff's student loans were made under a program funded in part by a non-profit institution (i.e., TERI), and because the Plaintiff has failed to offer any admissible evidence to contradict the Defendant's evidence, the Court concludes that the Defendant is entitled to summary judgment. The student loans are non-dischargeable, and the Defendant could not violate the discharge injunction by attempting to collect on a non-dischargeable debt. The Plaintiff does not argue that the student loans are an undue hardship. Thus, as a matter of law, the Defendant is entitled to summary judgment in its favor.

## Conclusion

Accordingly, the Court hereby grants the Defendant's motion for summary judgment and holds that the complaint is hereby dismissed.

#      #      #

-7-